IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
SEP 19 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

CLIFTON EUGENE JOHNSON,

    Plaintiff,

v.                                                                                        Civil Action No. **3:15CV54**

**DR. BOAKYE,**

    Defendant.

## MEMORANDUM OPINION

Clifton Eugene Johnson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] In his Particularized Complaint ("Complaint," ECF No. 17), Johnson contends that Defendant Dr. Boakye denied him adequate medical care during his incarceration in the Riverside Regional Jail ("RRJ"). The matter is before the Court on the Motion to Dismiss filed by Dr. Boakye. (ECF No. 27.) Despite the provision of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notice, Johnson has not responded. For the reasons stated below, the Court will GRANT Dr. Boakye's Motion to Dismiss.

### I. STANDARD FOR MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp.,* 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft*

*Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

In his Complaint, Johnson alleges that Dr. Boakye denied him adequate medical care, in violation of the Eighth Amendment,[2] with respect to his diabetes. Johnson alleges:[3]

> I got here in July of 2014. At the time I got here, Dr. Boakye was the primary Dr. When I went to chronic care on 12-19-14 it was already past the Dr. protocol as me being a chronic insulin dependent diabetic because I'm supposed to be seen every 90 days. When I saw Dr. Stairs he was confused. It was already 5 months which was 1 month past protocol. When I spoke to Dr. Stairs, [he] was confused because he pull my chart up on the computer and it was none of my blood sugar level readings in the system because the nurses was putting my readings on these personal papers and notebooks instead of logging it in the computer like [they were] supposed to so that Dr. Stairs can adjust my insulin for my next 90 days chronic care visit.
> I got here in July of 2014. I seen Dr. Boakye in August of 2014. But after that I never went back until December 19th which was a month past due of my 90 days. Dr. Stairs had to restart me a whole new flow sheet in the computer because he had nothing to go by. I have my paperwork to show and prove the facts of this mistake made by him because [he] is supposed to oversee his staff to make sure that no mistake are made when it's a life and death situation going on. That's why it's called chronic care because he don't know what my blood sugar has been running, high or low. He did not know anything about my diabetes.
> . . . Dr. Boakye did not follow protocol. I was not seen in 90 days as of procedure. . . .
> . . . Dr. Boakye was my Dr. when I got here. . . . He was supposed to make sure his nurses staff was logging my blood sugar levels in the computer to

---

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[3] The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. The Court corrects the punctuation, spelling, capitalization, and adds paragraph formatting in the quotations from the Complaint.

> be monitored instead of them putting it down on their own personal books and note pads. My diabetes cause serious health issues such as mood swings, loss of limbs such as arms, legs, or feet and swelling in my feet and hands and kidney failure and also blindness. I was deprived by Dr. Boakye because he did not make sure that protocol was followed.
>
> As me being an insulin dependent diabetic, I been going through so much pain and suffering over 19 years [and] I should get the medical attention I need by medical staff as long as I'm incarcerated because I'm supposed to [have] 24 hour medical due to my health because it's a permanent health issue I have to deal with the rest of my life. It was his job as a Dr. physician to make sure I [am] seen every 90 days not because short of staff or anything else in that nature.

(Compl. 1–2.) Johnson fails to identify what relief he seeks.

### III. ANALYSIS

To allege an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). With respect to the denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A medical need is "serious" if it "'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

In the context of delayed medical care, the objective-prong analysis does not end there. In addition to demonstrating that a medical need that was objectively serious, a plaintiff must also establish that the delay in the provision of medical care "'resulted in substantial harm.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001)); *see Webb v. Hamidullah*, 281 F. App'x 159, 165 (4th Cir. 2008). "[T]he

substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Shabazz v. Prison Health Servs., Inc.*, No. 3:10CV190, 2012 WL 442270, at *5 (E.D. Va. 2012) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d

848, 851 (4th Cir. 1990) (citing *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). Absent exceptional circumstances, an inmate's disagreement with medical personnel with respect to a course of treatment is insufficient to state a cognizable constitutional claim, much less to demonstrate deliberate indifference. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)). Furthermore, in evaluating a prisoner's complaint regarding medical care, the Court is mindful that "society does not expect that prisoners will have unqualified access to health care" or to the medical treatment of their choosing. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103–04). In this regard, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977). Moreover, "[i]t may not be seriously contended that any prisoner detained for however short a period is entitled to have all his needed elective medical care performed while in custody . . . ." *Kersh v. Bounds*, 501 F.2d 585, 589 (4th Cir. 1974).

Johnson fails to allege facts to satisfy the objective prong of the Eighth Amendment.[4] First, while diabetes and the failure to treat that condition certainly could result in sufficiently serious harm under the Eighth Amendment, Johnson fails to allege any such injury here. To the contrary, Johnson does not allege facts indicating that Dr. Boakye failed to provide him any treatment for his diabetes. Instead, he alleges that he was seen by Dr. Boakye two months after he should have been seen according to protocol and that Dr. Boakye failed to properly supervise the nurses who should have entered his blood sugar readings into the computer instead of logging it on paper. Johnson fails to allege facts indicating that he suffered any injury, much less

---

[4] While Johnson also fails to allege facts indicating that Dr. Boakye knew of and disregarded an excessive risk of harm to Johnson and thus, fails to satisfy the subjective component of the Eighth Amendment, no need exists to extensively examine that here. Johnson's claim may be readily dismissed because he fails to demonstrate any injury from Dr. Boakye's actions.

a serious or significant physical or emotional injury, from Dr. Boakye's purportedly tardy chronic care appointment or his failure to supervise the nurses properly. *See Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993).

In his Complaint, Johnson identifies a number of hypothetical complications that could potentially occur to a diabetic who fails to take care of himself or who fails to receive proper care. However, Johnson does not allege that he personally experienced any of these complications as a result of Dr. Boakye's alleged inattention. At most, Johnson states, "[a]s me being an insulin dependent diabetic, I have been going through so much pain and suffering over 19 years . . . ." (Compl. 2.) Johnson's bare allegation of "pain and suffering" during a period of nineteen years, is insufficient to satisfy the requisite level of seriousness for an Eighth Amendment claim against Dr. Boakye. *See Hanrahan v. Mennon*, 470 F. App'x 32, 33 (2d Cir. 2012) (explaining that a condition is sufficiently serious of it is "'a condition of urgency, one that may produce death, degeneration, or extreme pain'" (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996))); *Strickler*, 989 F.3d at 1381.

Johnson also alleges no injury from the delay in being seen by Dr. Boakye. Johnson does not allege that he suffered any adverse effects from the approximately two-month delay. *See Mata*, 427 F.3d at 751. Thus, he fails to allege facts indicating that the delay in his chronic care appointment itself caused him substantial harm. *See Webb*, 281 F. App'x at 166. Because Johnson alleges no injury from Dr. Boakye's actions, he fails to satisfy the objective prong of the Eighth Amendment. *Cf. Arbuckle v. Ahern*, No. C–12–3076 EMC (pr), 2014 WL 2038316, at *4 (N.D. Cal. May 16, 2014) (finding no deliberate indifference when inmate failed to demonstrate any harm from four missed blood sugar checks). Accordingly, Johnson fails to state an Eighth Amendment claim for relief.

## IV. CONCLUSION

Accordingly, the Motion to Dismiss (ECF No. 41) will be GRANTED. Johnson's claim and the action will be DISMISSED WITHOUT PREJUDICE. Dr. Boakye's Motion for Waiver of Oral Argument (ECF No. 44) is DENIED AS MOOT.

An appropriate Order will accompany this Memorandum Opinion.

Date: 9-19-16
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge